10    494
109   674

## J. F. KEMP *v.* R. C. HUTCHINSON.

A person who gives his note under circumstances which imply a waiver of pre-existing claims against the payee, cannot, when sued on the note by the payee, set up such claim as the basis of a reconventional demand.

APPEAL from the District Court of Bossier, *Drew*, J. *Looney*, for plaintiff. *Crain & Nutt*, for defendant and appellant.

BUCHANAN, J. The plaintiff and defendant are both residents of the parish of Bossier. Plaintiff sues defendant upon his note, payable to plaintiff or bearer, and dated November 14th, 1853. Defendant reconvenes, claiming damages of plaintiff for the value of a negro woman slave belonging to defendant, who had drowned herself, as the answer alleges, "to avoid the plaintiff and his excessive cruelty."

The whole argument has turned upon the reconventional demand, to the regularity of which no exception was taken. The evidence shows that plaintiff was overseer on defendant's plantation from May to November, 1853; that in the latter part of September, plaintiff caused defendant's slave to be whipped twice on the same day, on suspicion of having committed a theft, and threatened her with further chastisement, unless she produced the stolen articles; that she denied the theft, but said she would try and find the articles; went to the river, into which she threw herself, and was drowned.

Immediately after this occurrence, plaintiff wrote to the defendant, giving an account of the same; which account, we must suppose, was identical with that given by the witnesses, who have all testified to plaintiff's own declarations on the subject. Defendant appears to have answered plaintiff's letter, expressing dissatisfaction with the conduct of the plaintiff in relation to this transaction.

From the evidence, it is clear, that this correspondence between the parties, must have preceded the making of the note sued on, by about six weeks. Under the circumstances, the giving of this note, which was a settlement of account, is viewed by us as inconsistent with the claim herein set up by the defendant. The case differs from that of *Kennedy* v. *Mason*, lately decided by us, in this respect (among others), that in *Kennedy's case*, a reservation was made in settlement of accounts, of the value of the slave, alleged to have been lost by the misconduct of the overseer. It is true, some of the witnesses say, that *Hutchinson* told them, that he was ignorant, at the time of the settlement, of the circumstances connected with the death of *Big Nancy*, and if he had known what he learned afterwards, instead of settling with *Kemp*, he would have required him to pay for the slave. If the defendant acquired, subsequently to the settlement, information through any other legal and competent channel, tending to inculpate plaintiff, more than his own statements had done, it is reasonable to suppose that such evidence would have been laid before the court. But nothing of the sort has been offered.

It is proper to add, that were there not this implied waiver of plaintiff's claim from his subsequent act, we should hesitate much before making plaintiff responsible for the suicide of the slave in question. In the case of *Kennedy* v. *Mason*, the death of the slave was considered to have been the result of imprudent exposure to the weather, naked on the ground in a cold winter evening, combined with an extremely severe flogging, reported by eye witnesses in its minutest details. In the present case, we have no particulars of the chastisement, and positive proof that the death was not the physical result of ill treatment, but the voluntary act of the slave. The power of correction of a slave, vested in his master by our law, was held, in the case of *Kennedy* v. *Mason*, to be delegated to an overseer, from the nature of his employment. In the exercise of that power, the owner of the slave or his delegate, is only to be held responsible for the immediate and necessary consequences of his acts.

The verdict and judgment are silent as to the reconventional demand; although, substantially, it is disposed of by the decision upon the principal demand. The appellant complains of the omission, and asks us to remand the cause, in order that the reconvention may be formally passed upon. It appears to us, that it would be doing a vain thing, to remand the cause for such a purpose. The omission of a formal decree upon the reconvention, must be viewed as an oversight, which we have ample power to correct, the facts being all before us.

It is true the appellee has not prayed for an amendment of the judgment; but the matter is brought to our notice by the appellant, and justice requires us to close this litigation.

The judgment of the District Court is therefore amended, by dismissing the reconventional demand; and, as thus amended, is affirmed, with costs.