On the Merits
Statement of the Case.
Plaintiff is a cultivator of sugar cane, and sells his cane to a manufacturer of sugar.
The defendant is a manufacturer of sugar and a buyer of cane. In the year 1894 plaintiff entered into a contract with the defendant company, in accordance with which the. company agreed to buy from him the product of about 60 acres of cane, estimated at 1,500 tons.
He delivered about 395 tons; there remaining, he avers, on the 60 acres of cane, 1,170 tons which he did not deliver, by reason, he charges, of the neglect and failure of the company to furnish him for the daily delivery of cane with the stipulated number of cars at the switch, and by reason of the company’s arbitrary refusal to receive cane offered to be delivered by him after January 1, 1895.
The defendant, in its answer, urges that, under the terms of their written contract, plaintiff bound himself to deliver his cane at its factory; that his loss was greatly exaggerated. The defendant also says that, at the time the loss was incurred, he (plaintiff) did not believe that defendant was liable in damages, or that he had done anything for which it should be held liable.
The following excerpts are from the contract upon which suit was brought, dated 2d June, 1894:
“The party of the first part contracts and agrees to deliver by the S. P. R. R. on our switch at our factory, the product of about sixty acres of cane say about two hundred tons of two thousand pounds each, of good, sound, unfrozen cane, free from leaves, trash and dirt and properly cut at the top and bottom.
“The party of the first part further agrees *673 to commence delivery on October 15-30, buyer’s option at the rate of about fifteen tons per day, and if prevented by bad weather, or any unforeseen contingency, to make the deficiency during the week of said delay, so as to average above quantity at the end of each week. * * * All cane must be weighed at the Adeline Sugar Factory Company’s weigher, on their scales.”
Although loss was incurred by him as he alleges, plaintiff contracted anew in 1895 with defendant, obtained advances on his crop of 1895, and executed notes for the amount, aggregating $700. At the instance of plaintiff, the defendant brought suit on these notes at their maturity, and caused a writ of sequestration to issue upon the lien that it (defendant) had upon the crop of 1895. Plaintiff answered, owning his indebtedness, and consented to the sequestration, without bond, and agreeing to let the sheriff have the crop cut down and delivered as required by the contract.
Defendant's contention now is that, plaintiff having admitted that he was indebted as set forth in his petition in 1895, he is estopped from setting up any claim against it (defendant) of a date anterior.
On the 28th day of March, 1900, plaintiff wrote to defendant, through Mr. B. A. Oxnard, one of the owners:
“One year ago last January, Mr. L. S. Sprague of Adeline, agreed to exchange notes held against me by Adeline for the claim I hold against Adeline, for cane lost in 1894. I then agreed to make the exchange, but as the notes have never been tendered, and my claim against Adeline has greatly enhanced in value, and as my duty to my family demand that I do my best to better their condition, which I assure you is distressing, therefore, I trust you will consider my claim as good as others and that you will kindly consider my condition and advise the settlement of the claim.”
The testimony discloses that defendant directed the bookkeeper to carry out -this exchange, and make proper entry as to it (the exchange) on defendant’s books, and that his instructions were followed.
Defendant pleads that plaintiff’s claim was extinguished by the agreement to which we have just referred.
The plaintiff, as a witness, said that some time after he had written to defendant, pro: posing to exchange, as before mentioned, the defendant made to him several new propositions of compromise, which were refused. Objection was made to the testimony on the ground that the asserted offer of compromise had not been consummated, and that in consequence this offer was not admissible.
Opinion.
The delivery or turning over of property seems to be the main cause of contention. Plaintiff complains of defendant’s failure to provide transportation for his cane, and urges that it thereby prevented him from delivering the cane he had promised to deliver. He also complains of defendant’s refusal to accept delivery after the 1st of January, 1895, after which time we infer that cars might have been obtained from the railroad company.
Plaintiff also complains of defendant’s failure to tender to him his notes, which we understand were extinguished in accordance with special agreement.
Granted, for an instant, that plaintiff’s loss is just as plaintiff avers; the inquiry suggests itself, has he not concluded himself from claiming damages by his own conduct? We are inclined to think he has.
The loss has been incurred. Whatever right plaintiff had, had accrued, and yet he settled for the cane which had been deliver: ed and received. He did not make any claim to damages. After settlement and payment, as just mentioned, plaintiff made another agreement to enable him to plant and cultivate his crop the year following — the year in which he had incurred the loss of which he complains.
He, in accordance with agreement, received advances which in all probability he would not have received, had defendant known that plaintiff was thinking of holding it responsible in damages for a large amount.
A very similar question was decided by this court in Kemp v. Hutchinson, 10 La. Ann. 495. The court held that a person who executes his note under circumstances which imply a waiver of pre-existing claims against the payee cannot set them up as a set-off when sued on the note.
In the case which we have in hand, the circumstances manifest not the least inten *675 tion to demand damages. The notes executed by plaintiff in favor of defendant were sued upon at the instance of plaintiff. He filed an answer consenting to judgment in accordance with an agreement entered into between the parties. But there is another ground of defense, absolutely fatal, we think, to plaintiff’s claim: The record discloses that another agreement regarding this claim was arrived at between plaintiff and defendant, as made evident by the letter of plaintiff copied in our statement of the facts, in accordance with which plaintiff’s claim, for which he now sues, was to be considered as satisfied by an abandonment by defendant of its notes, on which it had brought an amicable suit against plaintiff, as before mentioned. Plaintiff’s claim, by the agreement, was to be an offset of the defendant’s. It was a complete agreement, and absolutely disposed of the claim of one against the other.
This was a set-off and extinguishment. It can be shown by parol evidence, and is not limited as to proof to written evidence, as contended by plaintiff, who seeks to have his agreement considered as having fallen within the terms of article 3071, from which we excerpt the following: “An agreement between two or more persons for preventing ■or putting an end to a lawsuit, adjust their ■differences by mutual consent,” must be reduced to writing.
There was no difference to be adjusted, further than that defendant was an undisputed creditor, and plaintiff held a claim; and by consent it was held that one was the equivalent of the other, and all claims between them were to be considered extinguished. This agreement of one of the parties to abandon his claim on condition that the other shall abandon his may be shown by the avowal of the parties. The offer was made and was accepted, not to compromise matters, but to “exchange” claims — -to use plaintiff’s words in his letter to the defendant.
Plaintiff’s letter is a complete answer to his complaint that parol evidence was not admissible. It surely is evidence in writing of the agreement, and is not subject to objection on the ground urged.
The terms of this letter show the matter of the two claims had been brought to an end. “I then agreed.to make the exchange” —to quote from the letter. Plaintiff must be held bound by his contract. “Conventio facit legem.”
Plaintiff avers that defendant did not comply with the agreement to which his letter refers.
In this he is not borne out by the testimony. His indebtedness to defendant is canceled, and he owes it nothing. This was the purpose between them, in so far as he was concerned at the time that it was agreed, as he stated in the foregoing letter.
We have considered the decisions to which learned counsel for plaintiff invited our attention.
The decisions cited by counsel for plaintiff sustain the proposition that, to be valid as a transaction, a compromise must be complete in itself. Lampkins v. Railroad, 42 La. Ann. 997, 8 South. 530.
In another case, after passing upon a similar question and expressing a view, the court adds: “It would then be deprived of its character as an appealable judgment, and reduced to the rank of conventional obligation, and commutative contracts.” Calhoun v. Lane et al., 39 La. Ann. 600, 2 South. 219.
In the case in hand the settlement and exchange related to a “conventional obligation” and commutative contract. Besides, there was written proof.
Courts of a foreign jurisdiction have decided that, where there is a commencement of proof, the avowal of the parties may establish the compromise.
At any rate, It is undeniable that this formula relates only to the question of proof, and does not touch the substance of the right. It ■results that the existence and the conditions of the transactions may be established by the avowal of the parties.
“En tous cas, ce qui est reconnu pour ainsi dire unanimement c'est que cette formule n’a trait qu’á la question de preuve, et ne touche nullement au fond meme du droit. II résulte notamment que l’existence et les conditions de la transaction peuvent etre établies par l'aveu des parties.” Sustained by a long line of decisions and views of commentators. See Fuzier-Herman, vol. 4, p. 754.
The French authorities comment upon the subject of commencement of proof, and parol testimony thereafter admissible. Here we make no comment regarding commencement of proof. We only say that there was absolute proof in writing — sufficient to show *677 that there had been an “exchange” arrived at between the parties, by which each is bound.
With reference to the conversation which plaintiff swore he had with one of the defendants regarding another and still more recent agreement or asserted compromise, we can only say that there is nothing about it in the record. We think it fair to infer from the testimony before us that no agreement was made and nothing done which can preclude the defendant from claiming that the whole matter had been settled, as shown by plaintiff’s letter.
Before leaving the ease, we will state that the complaint of want of tender of plaintiff’s note to him by defendant in accordance with agreements has the appearance of an afterthought, which cannot militate against the binding effect of the agreement to the extent of justifying us, were we to set it aside on that ground.
In any event, the plaintiff here, as a witness, has not denied the agreement, and he is bound by the evidence, which is equal to the effect of the derisory oath.
We think the judgment is correct.
Por the reasons assigned, it is affirmed.